**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES D. JURBALA, | : | |
| Plaintiff | : | CIVIL NO. 3:14-CV-1238 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | |
| UNITED STATES OF AMERICA, | : | (MAGISTRATE JUDGE CARLSON) |
| Defendant | : | |

**MEMORANDUM**

On June 26, 2014, Plaintiff, Charles D. Jurbala, an inmate currently confined at the United States Penitentiary in Coleman, Florida, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). On October 27, 2014, Defendant filed a motion to dismiss and a corresponding brief in support. (Docs. 13 and 14). On November 12, 2014, Plaintiff filed a response and brief in opposition to the motion to dismiss. (Docs. 16 and 17). On November 26, 2014, Defendant filed a reply brief. (Doc. 19). On January 29, 2015, Magistrate Judge Martin C. Carlson issued the first Report and Recommendation, recommending that Defendant's motion to dismiss the complaint be denied without prejudice to the presentation and renewal of the statue of limitations of the Federal Tort Claims Act ("FTCA") claim at trial or in an evidentiary hearing. (Doc. 21). On March 17, 2015, a Memorandum and Order were issued adopting the first Report and Recommendation and remanding the matter to Magistrate Judge Carlson for an evidentiary hearing to resolve any

factual disputes and the statute of limitations affirmative defense. (Docs. 24 and 25). On May 27, 2015, an evidentiary hearing was held before Magistrate Judge Carlson. (Doc. 33). On June 5, 2015, Magistrate Judge Carlson issued a second Report and Recommendation ("R&R"), recommending that Plaintiff's motion for findings of fact and conclusions of law be denied and that the case be dismissed for Plaintiff's failure to timely and properly exhaust his administrative tort claims before filing this lawsuit. (Doc. 35). On June 22, 2015, Plaintiff filed a motion for an extension of time to file objections, which was granted by this Court on June 30, 2015, extending the time to file objections to August 3, 2015. (Docs. 36 and 37). On July 9, 2015, Plaintiff filed a motion to object and a brief in support, which was denied by this Court as moot in an Order that again directed Plaintiff to file his objections by August 3, 2015. (Docs. 38, 39, and 40). Plaintiff has not filed objections. The R&R is now ripe for review and will be adopted, and the case will be dismissed with prejudice.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has

held that it is better practice to afford some level of review to dispositive legal issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice").  In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In his complaint, Plaintiff alleges that his Section 1983 rights were violated when he contracted food poisoning in June of 2011 from food tainted with salmonella that was served to him while he was housed at the United States Penitentiary in Canaan, Pennsylvania.  (Doc. 1).  Plaintiff filed an administrative tort claim with Bureau of Prisons' Regional Counsel's office on August 23, 2013, which was past the FTCA's two (2) year statute of limitations within which a plaintiff must first raise an administrative claim to the proper federal agency.

3

(Doc. 35, p. 4). On September 23, 2013, Plaintiff's claim was denied by the Northeast Regional Office because it was untimely. (Id.). As discussed in the R&R, the issue that was addressed at the evidentiary hearing for the instant complaint was whether Plaintiff filed an earlier administrative tort claim with the Bureau of Prisons in February 2013, as he is alleging in his complaint, which would effectively make the instant complaint timely. (Id. at 6).

In the R&R, Magistrate Judge Carlson has set forth the standards for a motion to dismiss, the statue of limitations and exhaustion requirements under the FTCA, and equitable tolling, which are adopted herein. (Id. at 10-17). Ultimately, Magistrate Judge Carlson concludes that Plaintiff had not exhausted his administrative remedies in a timely fashion before filing the instant complaint because, based on the findings from the evidentiary hearing discussed in the R&R, which are adopted herein, there is a lack of convincing evidence that Plaintiff filed an administrative tort claim in February 2013. (Id. at 17-19). Furthermore, Magistrate Judge Carlson determined, and it is adopted herein, that Plaintiff is not entitled to equitable tolling because, based on the findings of the evidentiary hearing, his claim that he filed an administrative tort claim in February of 2013 was not factually credible. (Id.). As such, the Magistrate Judge recommends that Plaintiff's motion for findings of fact be denied because the evidentiary hearing

has already been conducted, and that the case be dismissed with prejudice "due to [Plaintiff's] failure to timely and properly exhaust his administrative tort claims before filing this lawsuit." (Doc. 35, pp. 19-20).

Upon review, and in the absence of objections, because there is no clear error with Magistrate Judge Carlson's R&R, it will be adopted as such. Thus, the motion for findings of fact, (Doc. 31), will be denied, and the case will be dismissed with prejudice.

A separate Order will be issued.

**Date:** August 4, 2015

                                **/s/ William J. Nealon**
                                **United States District Judge**